**Kathlyne E. IRVINE, Individually and on behalf of a class of similarly situated, Plaintiff,**

**v.**

**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.**

**Nos. 84 C 0417, 84 C 3159.**

United States District Court, N.D. Illinois, E.D.

July 1, 1985.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

Plaintiff, Kathlyne E. Irvine ("Irvine"), brings this suit against defendant, American National Bank and Trust Company of Chicago, alleging discrimination under 42 U.S.C. § 2000e. Plaintiff now moves for class certification pursuant to Rule 23. Fed.R.Civ.P. In opposition, defendant contends that the Rule 23 requirements have not been met and the statute of limitations

has run for certain members of the proposed class. For the reasons hereinafter stated, plaintiff's motion for certification is granted with modifications to the definition of the class.

Irvine, an employee of defendant from 1969 to 1983, seeks to represent:

> all present and past women employed by the defendant-bank between the years 1963 and 1983, and who were discriminated against as a pattern, practice or policy of defendant, on the basis of their sex in terms and conditions of their employment with respect to compensation, fringe benefits, promotions, education benefits, vacation benefits and job assignments and locations.

The complaint alleges that defendant practiced a policy of paying women less than men who occupied the same position; requiring that women give up fifty percent of their vacation time as a condition of obtaining educational benefits and not so requiring that of men; and denying qualified women employees commercial lending authority while granting men such authority.

■ Plaintiff first contends that common questions of law and fact predominate. Defendant, however, asserts that the allegations of salary and promotional discrimination create varying questions of law and fact because they require individualized proof for each alleged instance of discrimination. In the instant case, the commonality requirement has been met. If the discrimination against each plaintiff is in furtherance of a policy of discrimination, common questions of law and fact exist. *Senter v. General Motors Corp.*, 532 F.2d 511, 524 (6th Cir.1976). A class action will not be defeated because of some factual variations. *Id.* The question common to the class is whether defendant's policies as to the fixing of salaries discriminated against its female employees.

Irvine next argues that her claims are typical of the claims of the proposed class. Defendant counters by claiming that plaintiff has suffered different injuries than those suffered by the class members she seeks to represent, and, therefore, her claims are not typical. "Typicality does not require that the claims or defenses of the class representative be identical or perfectly coextensive with the claims or defenses of its members; substantial similarity is satisfactory". *Allen v. Isaac*, 99 F.R.D. 45, 54 (N.D.Ill.1983). Plaintiff's claims are sufficiently similar to meet the typicality requirement.

■ Plaintiff further claims that she can fairly and adequately represent the class. Defendant argues that conflict of interest is present because Irvine made salary determinations for her subordinates who are likely to be class members and because Irvine's immediate supervisor, who recommended plaintiff's salary increases, is also likely to be a class member. Relying on *Rossini v. Ogilvy & Mather*, 8 F.R.D. 131 (S.D.N.Y.1978), defendant claims that a corporate vice president cannot adequately represent a noncorporate officer. Unlike *Rossini*, however, plaintiff no longer works for the defendant, and, therefore, no such conflict of interest arises.

■ Defendant also suggests that Irvine is not an adequate representative because the definition of the class plaintiff seeks to represent exceeds the scope of her Equal Employment Opportunity Commission ("EEOC") charge of unequal pay and discriminatory termination. Defendant argues that a class can only raise claims for which the named plaintiff filed a specific EEOC charge. *Ekanem v. Health & Hosp. Corp. of Marion County, Ind.*, 724 F.2d 563, 573 (7th Cir.1983). Plaintiff argues that even if her class definition exceeds the scope of her EEOC charge, it does not cause her to be an inadequate representative for the entire lawsuit. Rather, plaintiff asserts that this defect can be remedied by limiting the class to the claims brought before the EEOC. The Seventh Circuit in *Ekanem, supra,* held that a plaintiff is an adequate representative only with respect to the claims previously brought before the EEOC. Moreover, plaintiff conceded in her reply brief that the purported class should be limited to those women with claims identical to those charged by plaintiff in her

EEOC charge, which alleged only a discriminatory salary claim. Nevertheless, plaintiff's amended class definition still included women allegedly discriminated against with respect to bonuses, vacation pay, and educational benefits. Irvine is only an adequate representative for claims included in her EEOC charge and an inadequate representative for any other claims. Plaintiff's class definition must be limited accordingly.

Defendant contends that a 300 day statute of limitations is effective for plaintiff's claims. The class definition proposed by Irvine includes all women employed at American National Bank from January 1, 1969. Since the EEOC action was filed May 13, 1983, defendant argues, the class must be limited to those claims accrued on or after July 18, 1982—300 days prior. Plaintiff conceded in her reply brief that the statute of limitations applies. Accordingly, the class definition must be amended to comply with the July 18, 1982 cutoff date.

For the foregoing reasons, certification is granted upon the following conditions. The class definition must be modified to include only those claims which were included in plaintiff's EEOC charge and only those women employed by defendant whose claims accrued on or after July 18, 1982. Moreover, plaintiff must demonstrate that she can still fulfill the numerosity requirement of class actions in light of the fact that the new definition will necessarily narrow the scope of the class.

Plaintiff is directed to present to the Court and serve upon opposing counsel within 15 days a class definition consistent with this Opinion, with objections thereto, if any, to be filed ten days after receipt thereof.